

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

ENTERED
01/16/2019

| | | |
|---|---|---|
| IN RE: | § | |
| STEPHEN HARRY DERNICK, *et al* | § | CASE NO: 18-32417 |
| | § | |
| DAVID  DERNICK; aka DERNICK | § | CASE NO: 18-32494 |
| | § | (Jointly Administered) |
| Debtors | § | |
| | § | CHAPTER  11 |
| | § | |

**MEMORANDUM OPINION**
**DENYING DEBTORS' AMENDED EMERGENCY MOTION FOR STAY PENDING**
<u>**APPEAL ON FEES AWARDED IN CONNECTION WITH MOTION TO COMPEL**</u>
***Resolving ECF No. 296***

## I.        Introduction

Pending before this Court is "Debtors' Amended Emergency Motion for Stay Pending Appeal on Fees Awarded in Connection with Motion to Compel" ("*Amended Emergency Motion*"), ECF No. 296, which was filed in response to this Court's "Order on NorthStar Gas Ventures, LLC's Application to Recover Fees Awarded in Connection with Motion to Compel" ("*Order*").  ECF No. 236.  The Court makes the following findings of facts and conclusions of law.  Any finding of fact more properly considered a conclusion of law should be considered such.  Any conclusion of law more properly considered a finding of fact should be considered such.  For the reasons set below, this Court denies the Amended Emergency Motion.

## II.        Findings of Fact

Stephen H. Dernick and David D. Dernick (collectively "*Debtors*") filed their individual Chapter 11 bankruptcy petitions[1] in May 2018.  ECF No. 1; No. 18-32417, ECF No. 1.  On July 12, 2018, NorthStar Gas Ventures, LLC ("*NorthStar*") filed and served Rule 2004 Examination

---

[1] Initially, Stephen H. Dernick filed his Chapter 11 Voluntary Petition under No. 18-32417 on May 4, 2018, and David D. Dernick filed his Chapter 11 Voluntary Petition under No. 18-32494 on May 9, 2018. On June 28, 2018, this Court ordered that the Chapter 11 cases of 18-32417 and 18-32494 be jointly administered under 18-32417. ECF No. 38.

Notices on Debtors.  ECF Nos. 47, 48.  Under the Rule 2004 Examination Notices, Debtors had until August 13, 2018, to respond to NorthStar.  *See id.*  Debtors neither responded nor objected to NorthStar's Rule 2004 Examination Notices.  At the August 14, 2018 hearing, this Court abated all discovery between Debtors and Dernick Encore, LLC. Rec. 8/14/2018 9:28.  The Court specifically did not abate discovery between Debtors and NorthStar.  *Id.*

NorthStar subsequently filed its "Expedited Motion of NorthStar Gas Ventures, LLC to Compel Production of Documents Pursuant to Rule 2004 Examination Notices" ("*Motion to Compel*") on August 24, 2018.  ECF No. 108.  NorthStar's Motion to Compel highlighted the frequent delays by Debtors.  *Compare* ECF No. 90 (ordering Debtors to file amended schedules no later than 5:00 p.m. on August 21, 2018) *and* ECF Nos. 47, 48 (noting that Debtors had until August 13, 2018, to respond to NorthStar's Rule 2004 Notices) *with* ECF No. 108 (noting that Debtors failed to file their amended schedules by 5:00 p.m. and failed to respond to any of NorthStar's Rule 2004 Notices).

This Court held a hearing regarding NorthStar's Motion to Compel on August 27, 2018. At that hearing, this Court ordered Debtors to turn over all documents as requested in NorthStar's Rule 2004 Examination Notices; ordered fee shifting pursuant to BLR 2004-1(g) in favor of NorthStar's counsel; and ordered NorthStar's counsel to file a fee application.   NorthStar subsequently filed its "Application to Recover Fees Awarded in Connection with Motion to Compel" ("*Application to Recover Fees*") on September 13, 2018.  ECF No. 138.  Debtors filed their "Response to NorthStar Gas Ventures LLC's Application to Recover Fees Awarded in Connection with Motion to Compel" ("*Debtors' Response*") on October 4, 2018, ECF No. 165, with NorthStar subsequently filing its "Reply to Debtors' Response to NorthStar Gas Ventures LLC's Application to Recover Fees" ("*NorthStar's Reply*") on October 16, 2018.  ECF No. 175.

This Court issued its Order on December 6, 2018, ordering Debtors pay $7,296.00 in attorneys' fees to NorthStar's counsel.  ECF No. 236.  Debtors appealed the Order on December 19, 2018, ECF No. 253, and filed "Debtors' Emergency Motion for Stay Pending Appeal on Fees Awarded in Connection with Motion to Compel" ("*Emergency Motion*") on December 23, 2018. ECF No. 258.  Following Debtors' Emergency Motion, NorthStar filed its "Objection to Debtors' Emergency Motion for Stay Pending Appeal on Fees Awarded in Connection with Motion to Compel" ("*Objection to Emergency Motion*") on December 26, 2018.  ECF No. 261.  On January 14, 2019, Debtors filed their Amended Emergency Motion, ECF No. 296, and this Court held a hearing regarding Debtors' Emergency Motion that same day.  Based on the arguments presented in the live pleadings and relevant case law, this matter is ripe for consideration and the Court now issues its Memorandum Opinion.

### III.    Jurisdiction, Venue, and this Court's Constitutional Authority to Enter a Final Order

The Court holds jurisdiction pursuant to 28 U.S.C. § 1334; *see also* 28 U.S.C. § 157; *In re: Order of Reference to Bankruptcy Judges*, Gen. Order 2012-6 (S.D. Tex. May 24, 2012). Furthermore, this is a case under title 11, and this Court holds the constitutional authority under *Stern v. Marshall*, 564 U.S. 462 (2011) to issue a final order.  *See* 28 U.S.C. § 157.  Finally, this Court may only hear a case in which venue is proper.  28 U.S.C. §§ 1408, 1409.  Here, venue is proper because Debtors reside in Houston, Texas.  *See* ECF No. 1; No. 18-32494, ECF No. 1.

### IV.    Conclusions of Law

Under Rule 8007(1), a party seeking a stay of a judgment, order, or decree of the bankruptcy court pending appeal must first move for relief in the bankruptcy court.  FED. R. BANKR. P. 8007(a)(1)(A).  When considering a Rule 8007 motion, courts look at: (1) whether the movant has made a showing of likelihood of success on the merits; (2) whether the movant has

made a showing of irreparable injury if the stay is not granted; (3) whether the granting of the stay would substantially harm the other parties; and (4) whether the granting of the stay would serve the public interest. *In re First South Savings Ass'n*, 820 F.2d 700, 709 (5th Cir. 1987). While seemingly each factor must be met, *Arnold v. Garlock, Inc.*, 278 F.3d 426, 438-39 (5th Cir. 2001), the Fifth Circuit has instructed lower courts to use discretion when deciding whether or not to grant a stay pending appeal. *See In re Burkett*, 279 B.R. 816, 817 (Bankr. W.D. Tex. June 25, 2002); *In re Johnson*, 105 B.R. 809, 810 (Bankr. N.D. Tex. Sept. 29, 1987); *cf. Ruiz v. Estelle*, 650 F.2d 555, 565 (5th Cir. 1981) (holding that a stay pending appeal is judged under a factor test). Movants bear the burden of proving by a preponderance of the evidence that the stay pending appeal should be granted. *In re TMT Procurement Corp.*, 13-33763, 2014 WL 1577475, at *4 (Bankr. S.D. Tex. Apr. 16, 2014). Debtors, in filing their Amended Emergency Motion, ask the Court to stay the Order while they pursue their appeal of the Order. ECF No. 296; FED. R. BANKR. P. 8007. While the Amended Emergency Motion alludes to Rule 8007 and controlling case law, the Court will use its discretion as instructed, and evaluate the Amended Emergency Motion under the standards established by the Fifth Circuit in *In re First South Savings*. 820 F.2d at 709; *see also Ruiz*, 650 F.2d at 565.

       *1. Whether the movant has made a showing of likelihood of success on the merits*

       Turning to the first factor, the Fifth Circuit has held that a movant must either present a prima facie case but need not show that he is certain to win, or present a substantial case on the merits when a serious legal question is involved and show that the balance of the equities weighs heavily in favor of granting the stay. *See Ruiz*, 650 F.2d at 565*; Janvey v. Alguire*, 647 F.3d 585, 596 (5th Cir. 2011); *Canal Authority of State of Fla. V. Callaway*, 489 F.2d 567, 576 (5th Cir. 1974) (granting of a stay would be inequitable if movant has no chance of success on the merits);

*Green v. Wells Fargo Bank, N.A.*, 575 F. App'x 322, 325 (5th Cir. 2014) (vacating injunction because movant failed to demonstrate likelihood of success on the merits). To assess the likelihood of success on the merits, the Court looks to the standards provided by the substantive law. *Roho, Inc. v. Marquis*, 902 F.2d 356, 358 (5th Cir. 1990).

Here, Rule 9029 authorizes district courts to adopt local bankruptcy rules "governing practice and procedure in all cases and proceedings within the district court's bankruptcy jurisdiction . . . ." *See* FED. R. BANKR. P. 9029(a). In the Southern District of Texas, the district judges have authorized the bankruptcy judges to exercise the rule making power delegated to the district court. *See In re: Order of Reference to Bankruptcy Judges*, Gen. Order 2012-6 (S.D. Tex. May 24, 2012). Therefore, bankruptcy judges of this district are authorized to make rules concerning practice and procedure before the bankruptcy court. *See id*; FED. R. BANKR. P. 9029(a). Local Rule 2004-1(g) authorizes this Court to impose sanctions upon a party who resists discovery under Rule 2004. *See* BLR 2004-1(g); FED. R. BANKR. P. 2004.

Notwithstanding Local Rule 2004-1(g), Debtors' Amended Emergency Motion states that they "are not aware of any explicit statutory authority for the requirement of the Debtors to pay the attorneys' fees in the motion to compel." ECF No. 296 ¶ 7. This Court will not guide counsel's hand; every attorney appearing before the Court is responsible for complying with the Local Rules and the Court's Procedures. Court Procedures XII, January 1, 2018. Failure to comply with either may result in the imposition of sanctions, which may include costs, expenses, and attorney's fees. *Id.* Debtors' ignorance of the applicable standards and procedures is no excuse, and as such, Debtors have failed to prove by a preponderance of the evidence that they are likely to succeed on the merits. *See In re TMT Procurement Corp.*, 2014 WL 1577475, at *4.

If a movant cannot show a likelihood of success on the merits, a movant may present a

substantial case on the merits when a serious legal question is involved and show that the balance of the equities weighs heavily in favor of granting the stay. *Ruiz*, 650 F.2d at 565. A serious legal question exists when legal issues have far-reaching effects, involve significant public concerns, or have a broad impact on federal/state relations. *See Wildmon v. Berwick Universal Pictures*, 983 F.2d 21, 23-24 (5th Cir. 1992); *U.S. v. Baylor University Medical Center*, 711 F.2d 38, 40 (5th Cir. 1983). Even if a serious legal question is involved, the presentation of a substantial case is only the threshold requirement; the court must consider whether the balance of the equities favors granting the stay. *See Ruiz*, 650 F.2d at 565-566.

Debtors failed to present a substantial case on the merits involving a serious legal question. *Id.* at 565. Debtors mistakenly point to the "American Rule" regarding payment of attorneys' fees as evidence that they would likely succeed on the merits of their appeal. ECF No. 296 ¶ 6; *see also Janvey*, 647 F.3d at 596. The only legal issue that the Court can discern in this case is whether the Court correctly imposed sanctions against Debtors. The Local Rules permit sanctions when a party resists discovery under Rule 2004. *See* BLR 2004-1(g). Based on Debtors' repeated delays in responding to NorthStar's Rule 2004 Examination Notices, NorthStar filed its Motion to Compel. *See* ECF No. 108. After holding a hearing on NorthStar's Motion to Compel, this Court imposed sanctions on Debtors pursuant to BLR 2004-1(g). *See* ECF No. 108, 236. Debtors have neither demonstrated that an imposition of sanctions for resisting discovery involves a serious legal question, nor have they shown that the balance of equities weighs heavily in favor of granting the stay. *See Ruiz*, 650 F.2d at 565. Because Debtors have failed to present any testimonial or documentary evidence, and failed carry their burden of proof, Debtors cannot meet the first factor. *See In re TMT Procurement Corp.*, 2014 WL 1577475, at *4.

   2. *Whether the movant has made a showing of irreparable injury if the stay is not granted*

As a general rule, economic losses alone do not constitute irreparable harm because such losses are compensable by monetary damages. *RoDa Drilling Co. v. Siegal*, 552 F.3d 1203, 1210 (10th Cir. 2009). However, the absence of an available remedy by which the movant can later recover monetary damages may be sufficient to show irreparable injury. *Enter. Int'l, Inc. v. Corporacion Estatal Petrolera Ecuatoriana*, 762 F.2d 464, 472-73 (5th Cir. 1985).

Here, because Debtors are unemployed, they argue that a requirement to pay NorthStar's fees would jeopardize funds available for living expenses until their employment is finalized. *See* ECF No. 296 ¶ 11; *compare* ECF Nos. 103, 104 (stating that Debtors' average income as of August 2018 was $1900) *and* ECF Nos. 298, 299 (stating that Debtors are able to fund living expenses with payments from Dernick Land, draws from the Stephen Harry Dernick Trust, and dividends from shares of Wimmer Petroleum Corporation) *with* Rec. 1/14/19 4:53:15 (stating that Debtors' would each earn approximately $24,000 in post-confirmation income starting in April). Not only are Debtors' arguments premised on the suffering of economic losses, no evidence was introduced at the hearing to corroborate how the payment of attorneys' fees would jeopardize their living expenses. *See RoDa Drilling Co.*, 552 F.3d at 1210. In the case that the Order is overturned on appeal, the attorneys' fees can be returned to Debtors. *See Enter. Int'l, Inc.*, 762 F.2d at 473. Because Debtors' failed to provide any testimonial or documentary evidence, and failed carry their burden of proof in regards to suffering an irreparable injury, Debtors cannot meet the second factor. *See Enter. Int'l, Inc.*, 762 F.2d at 472-73.

   3. *Whether granting the Amended Emergency Motion would substantially harm the other parties*

The third factor requires this Court to balance the hardships of the parties and find

whether the harms outweigh any likely irreparable injury to the movant absent a stay. *See Daniels Health Sciences, LLC v. Vascular Health Sciences, LLC*, 710 F.3d 579, 585 (5th Cir. 2013). While no strict definition of "substantial harm" exists, courts have generally found that a significant delay in the administration of an estate, or a delay in the distribution to creditors under a plan generally satisfies the criterion of harm to other parties. *See In re Lickman*, 301 B.R. 739, 748 (Bankr. M.D. Fla. Nov. 25, 2003); *In re Baker*, No. CV05-3487, 2005 WL 2105802, at *10 (E.D.N.Y. Aug. 31, 2005); *see also In re Salvo*, No. 07-11829, 2008 WL 938585, at *4 (Bankr. N.D. Ohio Apr. 4, 2008) (holding that a stay could injure all creditors by delaying their potential payments through a confirmed plan); *In re The Charter Company*, 72 B.R. 70, 72 (Bankr. M.D. Fla. Mar. 20, 1987) (holding that claimants will suffer substantial harm as a result of a stay because of the resulting delay in their receipt of settlement funds). Debtors argue that the granting of the stay would not substantially harm NorthStar because NorthStar has not been impacted with regards to the actions taken in this case. ECF No. 294 ¶ 13. However, Debtors' introduced no evidence at the hearing to substantiate their claim beyond bare allegations. Because Debtors did not introduce any testimonial or documentary evidence, the Court finds that Debtors failed to carry their burden and thus failed to meet the third factor. *See In re TMT Procurement Corp.*, 2014 WL 1577475, at *4.

   *4.   Whether granting the Amended Emergency Motion would serve the public interest*

   In bankruptcy, the public policy is to have an orderly administration of the debtor's assets via their bankruptcy estate, such that the debtor may be able to gain a fresh start, by satisfying valid claims against that estate. *In re Lots by Murphy, Inc.*, 430 B.R. 431, 436 (Bankr. S.D. Tex. 2010); *see also In re Babcock & Wilcox*, No. Civ. A. 00-1410, 2000 WL 1092434, at *3 (E.D. La. Aug. 2, 2000) (holding that the public interest in a bankruptcy case is the promotion of a

successful reorganization). Further, it is prudent to consider the interests of third-parties who act in reliance of the bankruptcy court's ruling. *In re 473 West End Realty Corp.*, 507 B.R. 496, 508 (Bankr. S.D.N.Y. Apr. 3, 2014). Where the high standards of a stay are met, the law permits a stay pending appeal. *Id.* Here, Debtors' statement that the granting of the stay would not materially impact or affect the public interest actually cuts against their argument. ECF No. 296 ¶ 14. Because Debtors brought forth no evidence at the hearing, Debtors have failed to carry their burden in offering a legitimate public interest that would be served by staying the Court's Order. *See In re TMT Procurement Corp.*, 2014 WL 1577475, at \*4. As such, Debtors fail the fourth factor.

## V.    Conclusion

In seeking a stay pending appeal, the moving party must demonstrate: (1) whether the movant has made a showing of likelihood of success on the merits; (2) whether the movant has made a showing of irreparable injury if the stay is not granted; (3) whether the granting of the stay would substantially harm the other parties; and (4) whether the granting of the stay would serve the public interest. *In re First South Savings Ass'n*, 820 F.2d at 709. In each of the four factors, Debtors have failed to meet their burden of proof. *See In re TMT Procurement Corp.*, 2014 WL 1577475, at \*4. Debtors' scantly plead Amended Emergency Motion fails to articulate how they would likely succeed on the merits, fails to demonstrate irreparable injury if the stay was not granted, fails to demonstrate how NorthStar or other parties would not be substantially harmed, and fails to show how the granting of the Amended Emergency Motion would serve the public interest. *See In re First South Savings Ass'n*, 820 F.2d at 709. Additionally, Debtors put forth no evidence at the January 14, 2019 hearing in support of the Amended Emergency Motion. As such, this Court concludes that Debtors have failed to meet the requirements for

relief under Rule 8007.  It is therefore

   **ORDERED** that:

1. Debtors' Amended Emergency Motion, ECF No. 296, is herein DENIED; and

2. the Court's Order, ECF No. 236, shall not be stayed pending the appeal.


  SIGNED 01/16/2019.


           Eduardo V. Rodriguez
          United States Bankruptcy Judge