

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

ENTERED
09/10/2019

| | | |
|---|---|---|
| IN RE: | § | |
| **STEPHEN HARRY DERNICK,** *et al* | § | **CASE NO: 18-32417** |
| | § | |
| **DAVID DERNICK; aka DERNICK** | § | **CASE NO: 18-32494** |
| | § | **Jointly Administered Order** |
| Debtors | § | |
| | § | **CHAPTER 11** |

**MEMORANDUM OPINION**
**GRANTING DEBTORS' EMERGENCY MOTION FOR PROTECTIVE ORDER**
*Resolving ECF No. 507*

## I. INTRODUCTION

On August 26, 2019, Stephen H. Dernick and David D. Dernick (herein "*Dernicks* or *Debtors*") filed their "Emergency Motion For Protective Order" ("*Motion*"). On September 4, 2019, the Court held an evidentiary hearing on the Motion. At the conclusion of the September 4, 2019 hearing, the Court: (1) orally ruled that Debtors' Motion was granted; (2) stated that it would issue a memorandum opinion and order; (3) and took the matter of whether fees and costs should be awarded under advisement. For the reasons stated herein and on the record, the Court finds that in addition to granting Debtors' Motion, the Court should award Debtors' counsel reasonable attorney's fees and costs.

## II. FINDINGS OF FACT

This Court makes the following Findings of Fact and Conclusions of Law pursuant to Fed. R. Bankr. P. 7052, which incorporates Fed. R. Civ. P. 52, and Fed. R. Bankr. P. 9014. To the extent that any Finding of Fact constitutes a Conclusion of Law, it is adopted as such. To the extent that any Conclusion of Law constitutes a Finding of Fact, it is adopted as such. This Court made certain oral findings and conclusions on the record. This Memorandum Opinion &

Order supplements those findings and conclusions. If there is an inconsistency, this Memorandum Opinion & Order controls.

### A. Background History

Stephen Dernick filed his chapter 11 petition[1] under No. 18-32417 on May 4, 2018,[2] and David Dernick filed his chapter 11 petition under No. 18-32494 on May 9, 2018.[3] On May 30, 2019, David Dernick listed a 1.9% interest in Riley Exploration Permian LLC in Schedule A/B valued at $6,825,000.00.[4] On June 4, 2018 Stephen Dernick listed a 1.9% interest in Riley Exploration Permian LLC in Schedule A/B valued at $6,825,000.00.[5] On June 28, 2018, this Court issued an order jointly administering the two bankruptcy cases under 18-32417.[6] At the heart of Debtors' bankruptcy cases is a dispute involving their allegedly most valuable asset, Riley Exploration Permian LLC ("*Riley*") membership units, and derivatives of Riley.[7]

When Debtors filed their disclosure statements and plans on October 1, 2018, they each listed the Riley units—valued a $6.8 million—as property of the estate.[8] On December 14, 2018, Debtors filed amended plans in which they continued to list the Riley units as property of the estate.[9] On January 13, 2019, Debtors again filed amended plans in which they continued to list the Riley units as property of the estate.[10]

On January 18, 2019 NorthStar Gas Ventures, LLC, ("*NorthStar*") filed a

---

[1] Citations to the adversary proceeding in 19-3013, (the "*Adversary Proceeding*"), shall take the form "ECF No. ___," while citations to Dernicks' bankruptcy 18-32417 (the "*Bankruptcy Case*"), shall take the form "Bankr. ECF No. ___."
[2] Bankr. ECF No. 1.
[3] 18-32494, ECF No. 1.
[4] 18-32494, ECF No. 16.
[5] Bankr. ECF No. 17.
[6] Bankr. ECF No. 38.
[7] *See* Bankr. ECF No. 17 at 5.
[8] Bankr. ECF Nos. 163, 164.
[9] Bankr. ECF Nos. 250, 251.
[10] Bankr. ECF Nos. 290, 291.

dischargeability complaint against Debtors ("*Adversary Proceeding*").[11]  On March 25, 2019, the Court issued its Comprehensive Scheduling, Pre-Trial & Trial Order ("*Scheduling Order*") within the Adversary Proceeding.[12]  Within the Scheduling Order, the Court specified in paragraph 5 that "[n]o later than September 20, 2019 ("Close of Discovery") all discovery in this case will close, meaning that Parties must have fulfilled any outstanding requests before Close of Discovery . . . [a]dditionally, Parties must not make requests that cannot be completed before Close of Discovery."[13]  Simply stated, the last date parties could have served discovery on a party within the Adversary Proceeding was August 21, 2019, so that such request could be completed by September 20, 2019, *i.e.*, the Close of Discovery.[14]

Within the Bankruptcy Case, Debtors retained current counsel, Walker & Patterson, P.C. ("*W&P*") on February 19, 2019.[15]  On May 16, 2019, David H. Russell Family Limited Partnership, LLP ("*Russell*"), NorthStar, and Dernick Encore, LLC ("*Dernick Encore*," and collectively the "*Major Creditors*") filed a Joint Emergency Motion to Dismiss ("*Motion to Dismiss*") the Dernicks' Bankruptcy Cases.[16]  The Court initially set a hearing on the Motions to Dismiss for May 30, 2019.[17]  After a request from Debtors' counsel, however, the Major Creditors representatives agreed to be deposed, but some of their availability dates were beyond the initial May 30, 2019 scheduled hearing date on the Motion to Dismiss.  Therefore, the Court cancelled the May 30, 2019 hearing pending further orders of the Court.[18]

---

[11] ECF No. 1.
[12] ECF No. 14.
[13] *Id.*
[14] *See* FED. R. CIV. P. 33(b)(2) (responding party must serve answers within 30 days after being served with interrogatories); FED. R. CIV. P. 34(b)(2)(A) (responding party must serve answers within 30 days after being served with requests for production); FED. R. CIV. P. 36(a)(3) (responding party must serve answers within 30 days after being served with requests for admission).
[15] Bankr. ECF No. 353.
[16] Bankr. ECF Nos. 408, 410.
[17] Bankr. ECF No. 411.
[18] Bankr. ECF No. 427.

On June 14, 2019, Stephen Dernick filed amended schedules in which he now claimed that the valuable Riley units were in fact not property of the estate, but instead were held as beneficial interests of a trust established by Debtors' mother vis-a-vis her last will.[19] On that same date, Stephen Dernick filed his third amended disclosure statement and plan which now excluded the Riley units.[20]

On July 3, 2019, Debtors yet again filed amended disclosure statements and plans in which they removed the Riley units as assets of the estates, and instead listed as an asset of the estate potential claims and causes of action regarding, inter alia, Riley, Riley Exploration Group, LLC, Bobby Riley, and Kevin Riley.[21] On July 5, 2019, the Court issued its order setting a hearing on Debtors' disclosure statements, and the Motion to Dismiss for August 14, 2019 (the "*Pending Contested Matters*").[22] On August 2, 2019, August 4, 2019, and then on August 5, 2019, Stephen Dernick filed his fourth amended disclosure statement and plan with the Riley units similarly described as they were in the July 3, 2019 plan.[23] On August 5, 2019, David Dernick filed a disclosure statement and plan similar to Stephen Dernick's disclosure and plan.[24]

On August 12, 2019, Debtors filed their fifth amended disclosure statements and plans.[25] On that same date, and pursuant to Bankruptcy Local Rule 9013-2, all parties filed their Witness & Exhibit Lists in connection with the hearing on the Motion to Dismiss and Debtors' fifth amended disclosure statements.[26] On August 14, 2019, this Court commenced an evidentiary

---

[19] Bankr. ECF No. 434.
[20] Bankr. ECF No. 435.
[21] Bankr. ECF Nos. 454, 455.
[22] Bankr. ECF Nos. 457, 458, 469.
[23] Bankr. ECF Nos. 481, 482, 483, 485.
[24] Bankr. ECF No. 486.
[25] Bankr. ECF Nos. 495, 496.
[26] Bankr. ECF Nos. 497–501.

hearing on the Pending Contested Matters.[27] During direct examination by his counsel, Stephen Dernick was asked and answered the following questions:

> Q: All right. Have you, personally or individually, ever owned any Riley Exploration Units?
>
> A: No.
>
> Q: All right. Would it be an accurate statement to say that the Riley Exploration units owned by the Stephen Dernick Trust were issued to the trust?
>
> A: Yes
>
> Q: Directly, right?
>
> A: Well - -
>
> Q: And you never - -
>
> A: Yeah.
>
> Q: You didn't own the units and transfer them to the trust, did you?
>
> A: No, not - - I've never owned Riley units.[28]

The August 14, 2019 evidentiary hearing was continued to September 25, 2019 due to the fact that NorthStar's corporate representative, Robert Carson, needed to board a plane for a flight out that evening.[29]

## B. Debtors' Emergency Motion for Protective Order

On August 23, 2019, NorthStar served each of the Debtors with 12 requests for admission ("*RFA*"), 6 interrogatories, and 13 requests for production of documents ("*RFP*") within the Bankruptcy Case.[30] Of the 12 RFA's, most, if not all, relate directly to Riley or Riley

---

[27] Bankr. ECF No. 504.
[28] NorthStar's Ex. 5 at 373–74.
[29] *See* Bankr. ECF No. 504.
[30] NorthStar's Exs. 1, 2.

Exploration Group LLC.[31] Of the 13 RFP's, several pertain to the various trusts and at least two pertain Riley.[32]

On August 26, 2019, Debtors filed the instant Motion.[33] Debtors claim that NorthStar's August 23, 2019 discovery requests relate to the Adversary Proceeding, and thus exceed the time required to serve such discovery requests pursuant to this Court's Scheduling Order.[34] Alternatively, Debtors assert that if the discovery requests relate to the Pending Contested Matters, the discovery requests are still untimely as the Court has already commenced evidentiary proceedings.[35] As a result, Debtors assert that they are entitled to a protective order from this Court from having to answer the untimely discovery requests, and that they should be awarded attorney's fees and costs for NorthStar's refusal to withdraw its untimely discovery requests.[36]

NorthStar responded on September 3, 2019, claiming that their discovery requests are not untimely as they were served in connection with the Pending Contested Matters.[37] That same day, Debtors replied to NorthStar's response,[38] and NorthStar supplemented their response.[39] This Court held a hearing on the Motion on September 4, 2019, and now issues its Memorandum Opinion.

### III.   CONCLUSIONS OF LAW

**A. Jurisdiction, Venue, and this Court's Constitutional Authority to Enter a Final Order**

---

[31] *Id.*
[32] *Id.*
[33] Bankr. ECF No. 507.
[34] *Id.*
[35] *Id.*
[36] *Id.*
[37] Bankr. ECF No. 519 at 3 ("These documents go to a key issue before the Court and the Court . . . should see these documents before ruling on the Disclosure Statements and Motion to Dismiss.").
[38] Bankr. ECF No. 521.
[39] Bankr. ECF No. 522.

This Court holds jurisdiction pursuant to 28 U.S.C. § 1334 and now exercises its jurisdiction in accordance with Southern District of Texas General Order 2012–6.[40] This Court determines that the Motion pertains to a nondispositive discovery dispute. Any order on a nondispositive motion is, by definition, interlocutory.[41] The matter from which Debtors seek relief in this Motion addressed a nondispositive discovery issue. It did not dispose of the merits of the litigation. It is thus an interlocutory order.[42] Therefore this Court has constitutional authority to enter an order in this matter. Finally, venue is governed by 28 U.S.C. §§ 1408, 1409. Here, venue is proper because Debtors' principal place of business has been in the Southern District of Texas for the 180 days immediately preceding the petition date. Therefore, venue is proper.[43]

### B. Debtors' Motion Should be Granted

Under Rule 9014 the Motion constitutes a contested matter as it does not fall within the definition of adversary proceedings under Rule 7001.[44] Additionally and pursuant to Rule 9014, Rule 7026 applies to contested matters.[45] Federal Rule of Civil Procedure 26, incorporated by Rule 7026, states in part that a court must limit the frequency or extent of discovery otherwise allowed of the discovery sought if the party had ample opportunity to obtain the information in the action.[46]

---

[40] *In re*: *Order of Reference to Bankruptcy Judges*, Gen. Order 2012–6 (S.D. Tex. May 24, 2012).
[41] *See* Black's Law Dictionary (11th ed. 2019).
[42] The Advisory Committee Notes to Rule 60(b) of the Federal Rules of Civil Procedure explain that "interlocutory judgments are not brought within the restrictions of this rule, but rather they are left subject to the complete power of the court rendering them to afford such relief from them as justice requires." FED. R. CIV. P. 60(b) advisory committee's note; *Wilson v. Johns–Manville Sales Corp.*, 873 F.2d 869, 871 (5th Cir. 1989). Thus, this court has broad discretion to grant or deny relief and for sanctions, "as justice requires." *See Zimzores v. Veterans Admin.*, 778 F.2d 264, 267 (5th Cir. 1985); *In re Bradford*, 192 B.R. 914, 916 (E.D. Tenn. 1996).
[43] Bankr. ECF No. 1; 18-32494, ECF No. 1.
[44] FED. R. BANKR. P. 9014 advisory committee's note ("Whenever there is an actual dispute, other than an adversary proceeding, before the bankruptcy court, the litigation to resolve that dispute is a contested matter.").
[45] FED. R. BANKR. P. 9014(c).
[46] FED. R. CIV. P. 26(b)(2)(C)(ii).

Additionally, the Court "may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense . . . ."[47] The party seeking the protective order carries the burden in showing the necessity of its issuance, which contemplates a particular and specific demonstration of fact as distinguished from stereotyped and conclusory statements.[48] A protective order is warranted in those instances in which the party seeking it demonstrates good cause and a specific need for protection.[49] Not only does the court have broad discretion in determining whether to grant a motion for a protective order,[50] "[this] court is in the best position to weigh fairly the competing needs and interests of parties affected by discovery."[51]

### i. Discovery Served in the Adversary Proceeding is Not Timely

If NorthStar's August 23, 2019 discovery requests relates in any way to the Adversary Proceeding, the Court's Scheduling Order[52] controls. The Court's Scheduling Order stated that all discovery closes September 20, 2019, and parties cannot make discovery requests that cannot be completed before the close of Discovery.[53] Because a responding party has 30 days to serve answers to discovery requests,[54] the last date that the parties could have served discovery within the Adversary Proceeding was August 21, 2019. If NorthStar's discovery requests relates to the Adversary Proceeding, their failure to adhere to this Court's Scheduling Order precludes them from serving discovery within the Adversary Proceeding.

---

[47] FED. R. CIV. P. 26(c)(1).
[48] *In re Terra Int'l., Inc.*, 134 F.3d 302, 306 (5th Cir. 1998).
[49] *See Landry v. Air Line Pilots Ass'n Intern. AFL-CIO*, 901 F.2d 404, 435 (5th Cir. 1990).
[50] *See Harris v. Amoco Prod. Co.*, 768 F.2d 669, 684 (5th Cir. 1985).
[51] *Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 36 (1984).
[52] ECF No. 14.
[53] ECF No. 14.
[54] *See* FED. R. CIV. P. 33(b)(2) (responding party must serve answers within 30 days after being served with interrogatories); FED. R. CIV. P. 34(b)(2)(A) (responding party must serve answers within 30 days after being served with requests for production); FED. R. CIV. P. 36(a)(3) (responding party must serve answers within 30 days after being served with requests for admission).

### ii. Trial on the Pending Contested Matters Has Already Commenced

The Motion to Dismiss has been pending since May 16, 2019.[55] Additionally, Debtors' most recent disclosure statements have been pending since at least June 14, 2019.[56] Without putting forth any witness or presenting any evidence other than a copy of the August 23, 2019 discovery requests,[57] NorthStar argued that their current discovery requests are proper because Stephen Dernick's August 14, 2019 testimony regarding Riley unit ownership was allegedly in contradiction to certain documents that could lead to impeachment.[58] Further, at the September 4, 2019 evidentiary hearing, NorthStar's counsel represented to the Court that Riley Exploration Group, LLC, by and through its counsel, originally produced several redacted documents to NorthStar that allegedly contradict Stephen Dernick's testimony.[59] Northstar's counsel simply sought to have Debtors authenticate such documents through its current discovery requests. However, as discussed *infra*, this was not the correct method for NorthStar to proceed.

### iii. NorthStar Had Ample Opportunity to Conduct or Compel Discovery Prior to the August 14, 2019 Hearing

Previously, and on August 24, 2018, NorthStar filed its Motion to Compel Production of Documents Pursuant to Rule 2004 Examination Notices ("*Motion to Compel*").[60] In the Motion to Compel, NorthStar sought assistance from this Court in compelling Debtors to turn over documents that were responsive to thirty (30) specific requests contained in their Rule 2004 Examination Notice, including but not limited to the following:

1. All communications and documents that evidence, identify or refer, directly or indirectly, to monies owed by the Debtor to Riley Exploration;

---

[55] Bankr. ECF Nos. 408, 410.
[56] Bankr. ECF No. 435.
[57] NorthStar Ex. 1.
[58] *See* Bankr. ECF Nos. 519, 522.
[59] Bankr. ECF No. 519 at 7.
[60] Bankr. ECF No. 108.

2. All communications and documents that evidence, identify or refer, directly or indirectly, to the sums due to the Debtor by Riley Exploration;

3. All documents that evidence or refer, directly or indirectly, to interests, including without limitation, any beneficial interests, shares of stock, membership interests, or units owned by the Debtor or in which the Debtor claims an interest in any business, partnership, corporation, limited liability company, joint venture, trust, or other entity over the last four years, including Riley Exploration, and the last known value of that interest and date thereof;

4. All documents and communications with Riley Exploration relating to any transactions or transfers of any cash, assets or property rights including, without limitation, mineral interests, profits interests and back in rights during the last four years;

5. All documents and communications relating to Corsa Petroleum and the series of transactions that resulted in 6,819.49 net mineral acres being transferred by Corsa Petroleum to REP;

6. An accounting (including the amounts, dates, and recipients) of all purchase price payments made by Riley Exploration in connection with a certain purchase and sale agreement dated 04/30/15 with Corsa Petroleum, LLC as seller and shown in a closing statement signed and dated 03/03/17 by Debtor;

7. All documents and communications relating to Riley Exploration as it concerns the receipt by the Debtor of 67,495 units in REP (representing 4.588% of REP) on or about March 6, 2017 and the subsequent transfer of any units; and

8. All documents and communications concerning the valuation of the units received by the Debtor from REP as identified above.[61]

On August 27, 2018, this Court conducted a hearing on NorthStar's Motion to Compel. At that hearing, this Court ordered Debtors to turn over all documents as requested in NorthStar's Rule 2004 Examination Notices, and ordered fee shifting pursuant to BLR 2004-1(g) in favor of NorthStar's counsel. Presumably, NorthStar was satisfied with the documents that Debtors were ordered to produce pursuant to this Court's order, because NorthStar never sought further relief from this Court, until now, almost a year later and in the middle of trial. Fast forward one year and in its supplemental response to Debtors' Motion, NorthStar asserts that

---

[61] Bankr. ECF No. 108-1.

"the documents which the Debtor has refused to produce, and which are the subject of the instant NorthStar Discovery Requests, show that the Riley Units belonged to Stephen Dernick personally and that he then moved his units into a Trust for his benefit and which he controls. We are only asking that these documents be authenticated and produced so that the true chain of ownership can be revealed to the Court."[62]

The current RFA's that NorthStar seeks to have answered by Debtors are directly related to the documents that NorthStar sought and obtained through its Motion to Compel, in that they seek to have Debtors admit to or deny their authenticity. The current interrogatories that NorthStar seeks to have answered and the documents that NorthStar seeks to have produced are also directly related to the documents that NorthStar sought and obtained through its Motion to Compel in that they seek to have Debtors, inter alia, explain their answers to the RFA's and seek answers to questions and production of documents directly related to the Pending Contested Matters, on which trial has already begun. However, such a request in the middle of trial is untimely and inappropriate. NorthStar had ample opportunity to conduct or compel discovery, and this Court will not permit further delay to accrue on this matter.

Instead of pursuing other options that were available to them prior to the August 14, 2019 hearing on the Pending Contested Matters, NorthStar waited until the middle of trial to seek further discovery. This predicament is of NorthStar's own doing, and the Court will not reward NorthStar for their actions or lack thereof. As such, this Court finds that Debtors' Motion is well taken, and should be granted.

### C. Debtors Should be Awarded Reasonable Fees and Costs

In connection with a protective order under Rule 26(c), the Court may, inter alia, award

---

[62] Bankr. ECF No. 522.

expenses under Rule 37(a)(5).[63] Rule 37(a)(5) authorizes the court to award reasonable expenses incurred in relation to a motion for a protective order, including attorneys' fees, to the prevailing party, unless the court finds that filing the motion was substantially justified, or that other circumstances make an award of expenses unjust.[64] The parties must be afforded an opportunity to be heard before the court imposes costs.[65] Here, the Court finds that based on NorthStar's untimely discovery requests and its subsequent declination to withdraw same after given an opportunity to do so by Debtors' counsel prior to filing and prosecuting the instant Motion,[66] an award of reasonable expenses and attorneys' fees are appropriate. Therefore, Debtors' counsel should file an application for fees and expenses with the Court within thirty (30) days of the issuance of the Court's Order.

## IV.   CONCLUSION

On August 26, 2019, Stephen H. Dernick and David D. Dernick filed their Motion. On September 4, 2019, the Court held an evidentiary hearing on the Motion. For the reasons stated on the record and in this Court's Memorandum Opinion, the Court finds that Debtors' Motion should be granted, and Debtors' counsel should be awarded reasonable attorney's fees and expenses in connection with the filing and prosecution of Debtors' Motion. Debtors' counsel should file an application for fees and expenses with the Court within thirty (30) days of the issuance of the Court's Order.

A separate order consistent with this Memorandum Opinion will be issued.

---

[63] FED. R. CIV. P. 26(c)(3).
[64] FED. R. CIV. P. 37(a)(5).
[65] *Id.*
[66] Debtors' Ex. 2.

SIGNED 09/10/2019.

_____
Eduardo V. Rodriguez
United States Bankruptcy Judge